MARION JEFFRIES AND LUTHER JEFFRIES, PLAIN-
TIFFS-RESPONDENTS, v. AMERICAN STORES COM-
PANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted May 29, 1936—Decided October 2, 1936.

For the defendant-appellant, *Cecil W. Rotzell.*

For the plaintiffs-appellees, *Harry M. Mendell.*

The opinion of the court was delivered by

BODINE, J.   The plaintiffs, husband and wife, recovered damages by reason of injuries suffered by the wife, when she fell to the floor in the defendant's store where she had gone to make purchases.   The fall was occasioned by stepping backwards onto a dog which was casually lying in the aisle. The case comes before us because of error in the refusal of the trial court to grant a nonsuit or direct a verdict in favor of the defendant.

The plaintiff was an invitee and the defendant was under the duty of using reasonable care for her safety.   Testimony was offered to show that on previous occasions, long before the accident, a butcher in defendant's employ had given bones to dogs accompanying customers.   The proof of such occurrences, long before the accident, is probative of nothing.

There is no evidence that the storekeeper failed to exercise due care for the plaintiff's safety.   Mere isolated incidents of dogs accompanying customers to the store, or being fed there, is not evidence of the failure upon the part of the store-

keeper to keep his premises reasonably fit for use by his customers. *Bader* v. *Great Atlantic and Pacific Tea Co.,* 112 *N. J. L.* 241.

There is nothing in the record to indicate that the dog, over which the plaintiff fell, had been in the aisle so long that there had been a reasonable opportunity to discover and remove him, assuming that a storekeeper is under such a duty. Such a duty does not exist, however, in the absence of proof that the proprietor knew or ought to have known of the dog's presence, and that such presence was reasonably liable to cause injury to patrons.

The proofs clearly show, as a matter of law, that the defendant failed in no duty which it owed Mrs. Jeffries, but that the injuries from which she suffered were occasioned by her own failure to exercise reasonable care for her own safety. She might just as readily have stepped on another customer or upon a child with its parent. A fall so occasioned could hardly be said to impose liability upon the storekeeper. The case is very different from *Finnegan* v. *Goerke,* 106 *N. J. L.* 59. In that case, the obstruction over which the plaintiff fell had been placed in the aisle by the shopkeeper. A storekeeper is clearly under no duty to provide a special means for caring for his customer's dogs, in order that careless patrons may not fall by reason of stepping upon them.

The judgment is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 15.